Mr. Justice Gantt
delivered the opinion of the court.
The 300 lbs. of seed cotton was in the hands of the administrator at the time of the decree, on which this action is founded. That decree was-taken subject to the plea of plene administravit prater. The plaintiff has therefore admitted that the administration had been correct to that period, and any objection in respect to the non-return of this cotton in the inventory, ought to have been noticed by the plaintiff in the trial of the first action. It is now too late to say that defendant had been guilty of a devastavit in not having returned it at that time. It is not pretended in this case that-the defendant has been guilty of any intentional misconduct. The plaintiff thinks himself entitled to the whole balance of 016, in exclusion of the other creditors, whose claims not having been reduced to judgments are thought to be barred by the statute of limitations.
But I do not think the plaintiff entitled to any preference. He stood on the same footing with the other creditors at the death of the intestate. They were by law to be paid off in equal proportion, and the plaintiff cannot by obtaining a decree, and thereby subjecting the estate to un *272 necessary costs, entitle himself to a preference over the Vest of the creditors. He ought to have been satisfied with having received his full proportion and more. The defendant is at perfect liberty, in my opinion, to make an honest and fair distribution of the small amount in hand amongst all the creditors of the deceased, notwithstanding the lapse of time; and this is the unanimous opinion of the court. The motion must therefore fail.
Oneal, for the motion.
Bauskct, contra.
Justices Johnson, Richardson and Colcock, concurred